**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01201-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Gustavo Barraza, | |
| Defendant. | |

Pending before the Court is Defendant Andrew Gustavo Barraza's Amended Motion for Compassionate Release. (Doc. 53.) For the following reasons, the Motion is denied.

## BACKGROUND

On July 16, 2018, Defendant pled guilty to one count of distribution of child pornography. (Doc. 41.) Defendant received a ninety-seven-month sentence on July 18, 2018. (Doc. 42.) Defendant is currently incarcerated at Federal Correctional Institution Lompoc with a projected release date of July 6, 2024. On November 20, 2020, Defendant filed this motion seeking compassionate release due to his increased risk of COVID-19 complications from his underlying health conditions and the conditions in his prison facility.

## DISCUSSION

**I.   Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First

Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1]

## II. Analysis

As it is dispositive of Defendant's Motion, the Court addresses only whether Defendant poses a danger to the community. In addition to showing extraordinary and compelling reasons for release, Defendant must show he "is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. § 3142(g)]." 18 U.S.C. § 3582(c)(1)(A)(ii). In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

person's release." 18 U.S.C. § 3142(g).

Regardless of whether Defendant's pre-existing conditions, combined with the COVID-19 pandemic, are extraordinary and compelling reasons for release, Defendant has failed to demonstrate he would not pose a danger to any person or the community if released. *See United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020) ("[W]hether or not [a defendant] faces a risk from COVID-19 in prison has no bearing on whether he will be a danger to the community if released."). Defendant was charged with distribution of child pornography, a serious offense. After the government conducted its first search of Defendant's home and spoke to Defendant about him seeking out child pornography, Defendant obtained another computer and again downloaded software to view child pornography. (Doc. 58 at 3–4.) In light of the seriousness of Defendant's offense, Defendant's decision to continue to access child pornography after a search was conducted on his home, and the fact that Defendant is only halfway through his sentence, the Court finds that Defendant remains a threat to public safety. *See, e.g.*, *United States v. Martin*, No. CR-08-00433-001-TUC-DCB (GEE), 2020 WL 6048328, at *2 (D. Ariz. Oct. 13, 2020) (denying compassionate release for an inmate suffering from several underlying conditions due to his conviction for child pornography). Accordingly, Defendant's Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is denied because he poses a danger to the community.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for Compassionate Release (Doc. 53) is **DENIED.**

Dated this 27th day of January, 2021.

G. Murray Snow
Chief United States District Judge